UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HAYES,

        Petitioner,

v.                                  Case No:  2:13-cv-774-FtM-38CM

FLORIDA ATTORNEY GENERAL,

        Respondent.

_____/

## OPINION AND ORDER[1]

### I.  Status

Petitioner David Lee Hayes (hereinafter "Petitioner" or "Hayes") initiated this action proceeding *pro se* by filing a timely 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. #1, "Petition") and supporting memorandum (Doc. #1-1, pp. 1-19, "Memorandum") on October 28, 2013.  Hayes raises three grounds for relief challenging his judgment and conviction of burglary of a dwelling and grand theft entered in the Twentieth Judicial Circuit Court in Lee County, Florida.

Respondent filed a Response (Doc. #20, Response) opposing all grounds and attached supporting exhibits (Doc. #22, Exhs. 1, 2A through 2D, and 3 through 17)

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

comprising the trial court record, the record on direct appeal, and postconviction pleadings.   *Inter alia*, Respondent argues that Petitioner has not exhausted his claims or they are otherwise barred from federal review, and alternatively that Petitioner has not satisfied 28 U.S.C. § 2254(d) (1)-(2).   Petitioner filed a Reply (Doc. #18).

For the reasons that follow, the Court concludes that Petitioner is not entitled to habeas relief and the Petition must be denied.   Because the Petition can be resolved on the basis of the record, an evidentiary hearing is not warranted.   Schriro v. Landrigan, 550 U.S. 465, 473-474 (2007) (finding if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## II.   Background and Pertinent Procedural History

An Information charged Hayes with grand theft (count 1) and burglary of a dwelling (count 2).   Exh. 1.   Hayes proceeded to a jury trial on July 7, 2010.   Exh. 2D.   The jury returned a verdict of guilty as charged.   Exh. 2D, 222, 2E.   The state provided notice to have Hayes declared a prison release reoffender, and a habitual felony offender.   Exh. 3.   The trial court sentenced Hayes as a habitual felony offender to ten years imprisonment on the grand theft count and to thirty-years imprisonment on the burglary of a dwelling count.   Exh. 5 at 322, 327, 329, 340-343.

Hayes pursued a direct appeal raising two issues: (1) did law enforcement have probable cause to arrest Hayes based upon the reported observations of a citizen informant when law enforcement could not confirm critical facts provided by the informant; and (2) did the trial court err in permitting the state to admit into evidence testimony regarding the informant's hearsay statements.   Exh. 7.   The state filed an answer brief.

Exh. 8.   The appellate court *per curiam* affirmed Hayes's judgment and sentence.   Exh. 9.

Hayes then moved for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising two grounds for relief: (1) Hayes was unlawfully convicted on a defective charging instrument in violation of Due Process and a violation of his Fourteenth Amendment right to a fair and impartial jury trial; and (2) Hayes was convicted on improper jury instructions, which constituted fundamental, prejudicial error.   Exh. 11.   The postconviction court entered an order summarily denying relief.   Exh. 12.   Hayes appealed.   Exh. 13.   The state filed a notice it would not be filing a response brief.   Exh. 14.   The appellate court *per curiam* affirmed the lower court's summary denial.   Exh. 15.   Hayes then filed the instant § 2254 Petition.

### III.   Applicable § 2254 Law

#### A.   Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).   Post-AEDPA law governs this action.   Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, 563 U.S. 170, 181 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, 562 U.S. 86, 102 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably

applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## B.   Federal Claim Must Be Exhausted in State Court

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That

is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.   A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).   A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam).   "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"   McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."   Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).   Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief. . . ."   Smith, 256 F.3d at 1138.   A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.   First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice"

resulting from the asserted error.  House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### IV.  Findings of Fact and Conclusions of Law

The Petition raises these three grounds:

> **Ground One-**  Petitioner's 14th amendment rights were violated when Lee County Sheriff's unlawfully stopped him, detained him and seized him without probable cause;
>
> **Ground Two-**  Petitioner's 6th Amendment right to the confrontation clause was violated when the trial judge read the allegations and accusations contained in the charging instrument to the jury panel; and
>
> **Ground Three-** 6th Amendment right to confrontation was violated by the prosecutor.

See Petition at 6-9 (errors in original).   The Court will address each ground in turn.

### A.  Ground One

Petitioner states that his Fourteenth Amendment rights were violated when the Lee County Sheriff's Office unlawfully stopped, detained, and seized him without probable cause.  Petition at 4.  As background, Petitioner explains that on August 30, 2007, at approximately 12:30, Deputy Kinnon conducted a traffic stop of the vehicle he was driving containing himself and one other occupant at the 7-11 store at U.S. 41 and Boy Scout Road in Fort Myers based upon a civil witness reporting to 911 a suspected burglary in progress.  Memorandum at 5.  Petitioner faults his ultimate seizure because the witness had reported he thought the burglar carried away an item like a weed wacker, but no

weed wacker was located in his car when stopped.   Instead, in the backseat of Petitioner's car was a satchel, a power charger, and a miter saw.   Id. at 6.   Thus, Petitioner contends that his arrest was unlawful based on this discrepancy.   Id. at 7.

In Response, Respondent argues that any challenge Petitioner raises to Officer Kinnon's initial stop is procedurally defaulted because Petitioner waived the issue at trial by conceding the initial stop was a proper Terry stop.   Response at 12.   To the extent Petitioner argues that the officer lacked probable cause to arrest him, Respondent argues that the claim is barred by the Stone[2] doctrine because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state court.   Id. at 14-15.

### 1.   Exhaustion and Procedural Default

As discussed above, a petitioner who fails to raise his federal claims in the state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause and prejudice, or a fundamental miscarriage of justice.   Supra at 7-10. A procedural default can arise in different ways.   A claim may be procedurally defaulted when a state court correctly applies a procedural default principle of state law and concluded that the petitioner's federal claims are barred in its order dismissing the petitioner's postconviction claim.   Bailey v. Nagle, 172 F.3d 1299, 1302-1303 (11th Cir. 1999).   When a state court makes this determination, the federal court must determine whether the last state court rendering judgment "clearly and expressly" stated that its judgment rested on a procedural bar.   Id.   Second, a claim may be procedurally defaulted when a petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally defaulted in state court.   Id. at 1303.

---

[2] Stone v. Powell, 428 U.S. 465 (1976).

A procedural default for failing to exhaust state court remedies will only be excused in one of two narrow circumstances.   First, Petitioner may obtain review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting therefrom.   House, 547 U.S. 518, 536-537 (2006); Mize, 532 F.3d at 1190.   Second, Petitioner would have to show a fundamental miscarriage of justice.

To establish cause for a procedural default, Petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court."   Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999).   To show prejudice, Petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions.   United States v. Frady, 456 U.S. 152 (1982).   In other words, he must show at least a reasonable probability of a different outcome.   Henderson v. Campbell, 353 F.3 d 880, 892 (11th Cir. 2003).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice.   Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carrier, 477 U.S. at 495-96.   A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent.   Schlup v. Delo, 513 U.S. 298, 327 (1995).   This exception requires a petitioner's "actual" innocence.   Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).   To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error.   Schlup, 513 U.S. at 327.

To the extent Petitioner challenges the officer's initial basis to stop Petitioner's car, the Court finds that portion of Ground One is now procedurally defaulted.   A claim may be procedurally defaulted when a petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally defaulted in state court. Petitioner's defense counsel conceded that the officer's initial stop of the car was lawful. Exh. 2 at 434 (defense attorney stating there was sufficient information for the officer to do a Terry stop based on the BOLO, the unique type of car, and the brake lights.).   In Florida, to preserve a claim for appellate review, specific legal argument or grounds upon which it is based must be presented to the trial court.   See generally Hannah v. Crosby, Case No. 8:04-cv-1072-T24EAJ, 2005 WL 2346966 *5 (M.D. Fla. Sept. 26, 2005) (citing cases) (noting contemporaneous objection rule); see also Spann v. Florida, 857 So.2d 845, 852 (Fla. 2003) (noting in Florida to be preserved for appeal, the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal)(citation omitted).   To the extent Petitioner now challenges his initial stop, this portion of Ground One was not preserved for appeal in accordance with Florida law, was unexhausted, and is now procedurally defaulted.   Petitioner cannot show cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural bar.

## 2.   Barred by Stone

Turning to Petitioner's argument that the officer lacked probable cause to arrest him, the Court finds the claim is barred by the Stone doctrine.   The law is well settled that a federal court cannot entertain a violation of a habeas petitioner's Fourth Amendment rights if the petitioner had an opportunity for full and fair consideration of his claim in the State courts.   Stone, 428 U.S. at 494; Bradley v. Nagle, 212 F.3d 559, 564

(11th Cir. 2000); Mincey v. Head, 206 F.3d 1106, 1125 (11th Cir. 2000).   "[F]ull and fair

consideration requires consideration by the fact-finding court, and at least the availability

of meaningful appellate review by higher state court."   Mincey, 206 F.3d at 1126.   Here,

Petitioner's prior exhaustion of this ground in the Florida courts triggers the bar of Stone

v. Powell, precluding federal review of his Fourth Amendment claim, because the State

provided Petitioner with processes for full and adequate consideration of this ground.

A review of the record evidences that Petitioner was provided a "full and fair

consideration" of his claims.   On November 7, 2009, the trial court held a hearing on the

motion to suppress during which officers McKinnon and Dunaske testified.   Exh. 2 at 38.

Upon conclusion of the hearing, the trial court denied Petitioner's motion to suppress

finding that the officers had probable cause to arrest Petitioner for burglary.   Id. at 440.

The judge found that the nature of the items seen in plain view in the back of the car

generally met the description given by the witnesses to dispatchers.   Id.   Significantly,

the witness kept a "continuous view" of the vehicle that met the description of the burglar's

car.   Id. at 441.   Petitioner and the co-occupant of the car met the description of the

people the witness saw "going over the fence."   Id.   The judge noted that if the items

were taken with permission someone would not jump over a fence carrying the items.

Id.   Based on the foregoing, the trial court found probable cause for Petitioner's arrest

based on the information available to the law enforcement officers.   Petitioner does not

demonstrate that the suppression hearing conducted by the trial court and the review of

trial court's conclusions by the appellate court did not afford him a full and fair opportunity

to develop the factual issues of his case.   Any allegation of State court error in denying

a motion to suppress does not suffice to avoid the Stone bar.   Mason v. Allen, 605 F.3d

1114, 1120 (11th Cir. 2010); see also Peoples v. Campbell, 377 F.3d 1208, 1224-26 (11th Cir. 2004) (holding that Stone precluded consideration on habeas review of claim alleging lack of probable cause for arrest).   Pursuant to Stone, Ground One of the Petition challenging the probable cause for Petitioner's arrest is dismissed.

### B.   Grounds Two and Three

Grounds Two and Three both raise claims under the Sixth Amendment, Confrontation Clause.   In ground two, Petitioner argues that the trial judge violated the Confrontation Clause by reading the charging instrument to the jury.   Petition at 8; Memorandum at 7.   In Response, Respondent argues that Ground Two is exhausted and now procedurally defaulted because Petitioner never challenged the trial court's reading of the charging document to the jury.   Response at 21.   Alternatively, Respondent addresses the merits and argues that the trial court's reading of the Information to the jury in no way violated Petitioner's right to confrontation because among other reasons the charging document is not testimonial.   Id. at 26.

### 1.   Exhaustion and Procedural Default of Ground Two

The Court finds Ground Two is now procedurally defaulted.   A claim may be procedurally defaulted when a petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally defaulted in state court. Petitioner never objected to the trial judge's reading of the Information.   Exh. 2d at 29-30.   In Florida, to preserve a claim for appellate review, specific legal argument or grounds upon which it is based must be presented to the trial court.   See generally Hannah v. Crosby, Case No. 8:04-cv-1072-T24EAJ, 2005 WL 2346966 *5 (M.D. Fla. Sept. 26, 2005) (citing cases) (noting contemporaneous objection rule); see also Spann v. Florida, 857 So.2d 845, 852 (Fla. 2003) (noting in Florida to be preserved for appeal,

the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal)(citation omitted).    Petitioner did not alert the trial court to the Constitutional dimension of his claim, which is required to exhaust a claim.    <u>Supra</u> at 5-6.    Ground Two was not properly exhausted and is now procedurally defaulted.    Petitioner cannot show cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural bar.

### 2.   Merits of Ground Two

The Confrontation Clause of the Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."   U.S. Const. Amend. VI. Matters concerning admission of evidence and the Confrontation Clause are different, but protect similar values.    <u>California v. Green</u>, 399 U.S. 149, 155-56 (1970).

Here, Petitioner takes issue with the trial court's following reading to the prospective jury:

> THE COURT:   At this time I am going to read you the Information and ask you certain questions as a whole.   The Information is very appropriately called an Information because it is a document that informs the Defendant of the charges that the State has brought against him.   It should not be considered by you as proof of guilt and **it is not evidence**. It is simply a document designed to inform, as I said, the Defendant of the charges.
>
> In this case, the State has charged in a two-count Information: Count I, Grand Theft.   More specifically, the State charges that on or about August 30, 2007 in Lee County, Florida David Lee Hayes did unlawfully and knowingly obtain or use or endeavor to obtain or endeavor to use money or property of another; to wit, a miter saw of Stanley Burun, as owner or custodian thereof, taken from a dwelling or enclosed curtilage of a dwelling.   The value of such property or money being $100 or more but less than $300, with the intent to temporarily or permanently deprive the owner or custodian of their money

or property, or any benefit therefrom or to appropriate the money or property to the use of another or to any person not entitled to it, contrary to Florida law.

The State charges in Count II Burglary of a dwelling. Specifically, the State charges on or about August 30, 2007 in Lee County, Florida David Lee Hayes did unlawfully enter or remain in a certain structure; to wit, a dwelling located at or in the vicinity of 1105 Timberline Circle. Fort Myers Florida in the county and state aforesaid, the property of Stanley Burun, as owner or custodian thereof with the intent to commit an offense therein; to wit, theft, contrary to Florida law.

Exh. 2D at 30 (emphasis added).   The Information neither constituted a witness, or evidence, to whom Petitioner's Sixth Amendment right to Confrontation attaches.   The judge simply informed Petitioner and the prospective jury of the State's accusations against Petitioner for which his criminal trial was commencing and warned both Petitioner and the prospective jury that the Information did not constitute evidence.   Ground Two is dismissed as procedurally defaulted, or, in the alternative is denied on the merits.

### 3.   Exhaustion and Procedural default of Ground Three

In ground three, Petitioner faults the prosecutor for making certain statements concerning the "be on the lookout" ("BOLO") report during opening statements and argues these opening statements violated the Confrontation Clause.   Petition at 9; Memo at 12-18.

Respondent argues that to the extent Petitioner raises a prosecutorial misconduct claim in the instant Petition, such a claim is unexhausted and procedurally defaulted because Petitioner never faulted the prosecutor for his opening statements at the trial court level and on direct appeal.   Response at 32 (citing Spencer v. State, 842 So. 2d 52 (Fla. 2003) (holding that substantive claims of prosecutorial misconduct that could have

and should have been raised on direct appeal are procedurally barred from consideration in a postconviction motion)).

Respondent also argues that Ground Three is unexhausted and procedurally defaulted because the claim presented here differs from the claim Petitioner raised in the trial court and on appeal.   Response at 30.   Respondent submits that when Petitioner requested a new trial, he asserted that the trial court's ruling that the officer could testify that he stopped Petitioner's vehicle because it matched a description provided in a BOLO report was erroneous because it permitted a hearsay description of the vehicle.   Id. at 30 (citing Exh. 7 at 15).   The state responded that the trial court correctly ruled that any statements of the witness regarding the BOLO could not be elicited and no details came out.   Id. (citing Exh. 8 at 17-18).   Alternatively, the state argued that to the extent the trial court erred by allowing limited testimony, any error was harmless under Florida law because there was no reasonable probability that the error effected the verdict because no contents of the report were revealed to the jury.   Id.

Respondent's arguments concerning Petitioner's procedural default of Ground Three are well taken.   The Court agrees that Petitioner did not preserve and properly exhaust a prosecutorial misconduct claim stemming from the prosecutor's opening statement.   Ground Three is unexhausted and now procedurally defaulted.   Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default.

### 2.  Merits of Ground Three

In the alternative, Respondent argues the Sixth Amendment right to confrontation did not attach to the prosecutor's opening statements.   Response at 33.   Further,

Respondent argues that the prosecutor's opening statement did not deprive Petitioner of a fundamentally fair trial considering Petitioner's own inconsistent statements, his eventual confession, and his possession of recently stolen property.   Id. at 34.

The prosecutor's opening statement did not involve the admission of any evidence, and did not rise to the level of constitutional error.   Frazier v. Cupp, 394 U.S. 731, 733-36 (1969).   Further, the law enforcement officers who initially stopped and then arrested Petitioner with the stolen property in his car testified as to the details of the stop and arrest, and were subject to cross-examination.   Additionally, the owner of the stolen property testified and identified his stolen property, and was subject to cross-examination. The Court finds no error under Crawford, 541 U.S. 36.   Ground Three is dismissed as procedurally defaulted, or, in the alternative is denied on the merits.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The § 2254 Petition (Doc. #1) is **DENIED**.

2.    The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).   "A [COA] may issue . . . only if the applicant has made

a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations omitted).   Petitioner has not made the requisite showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

   **DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of February, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record